UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

COMMODITY FUTURES TRADING
COMMISSION

        **Plaintiff**

v.

        Civil No. PJM 98-3316

NOBLE WEALTH DATA INFORMATION
SERVICES, INC., <u>et al</u>.

        **Defendants**

## <u>O R D E R</u>

Upon consideration of Plaintiff Commodity Futures Trading Commission's Motion for Summary Judgment against Defendant Esfand Baragosh, it is for the reasons set forth in the accompanying Opinion, this 20 day of March, 2000

ORDERED:

1. Defendant Baragosh (and any person acting in the capacity of officer, servant, agent, employee, and attorney of Baragosh who receives actual notice of this Order by personal service or otherwise) is permanently enjoined from directly or indirectly:

    a. Violating Section 4b(a)(i)-(iii) of the Commodity Exchange Act, 7 U.S.C. § 6b(a)(i)-(iii), in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made or to be made, for or on behalf of any other person by (i) cheating or defrauding or attempting to cheat or defraud such other person; (ii) willfully making

1

or causing to be made to such other person any false report or statement thereof, or willfully entering or causing to be entered for such person any false record thereof; or (iii) willfully deceiving or attempting to deceive such other person;

    b. Violating Section 4(a) of said Act, 7 U.S.C. § 6(a), by offering to enter into, entering into, executing, confirming the execution of, or conducting business for the purpose of soliciting, accepting any order for, or otherwise dealing in any transaction in, or in connection with, a contract for the purchase or sale of a commodity for future delivery when: (a) such transactions have not been conducted on or subject to the rules of a board of trade which has been designated by the Commission as a "contract market" for such commodity; and (b) such contracts have not been executed or consummated by or through a member of such contract market; and

    c. Violating Section 4b(a)(iv) of said Act, in connection with orders to make, or the making of, contracts of sale for future delivery, made, or to be made, for or on behalf of other persons, bucketing such orders, or filling such orders by offset against the orders of other persons, or willfully and knowingly, without the prior consent of such persons, becoming the buyer in respect to the selling orders of such persons or becoming the seller in respect to the buying orders of such persons.

   2. Defendant Baragosh is permanently restrained and enjoined from:

    a. Acting in any capacity, including in an exempt capacity, as a futures commission merchant, commodity pool operator, commodity trading advisor, introducing broker, floor broker, floor trader, or associated person or other agent of any registrant as defined under said Act;

2

    b. Seeking application for registration with the Commission in any capacity at any time in the future;

    c. Soliciting or accepting any new customers or participants in connection with commodity futures or options trading, including but not limited to:

      i. Soliciting or accepting orders from others for the purchase or sale of commodity futures contracts or options on commodity futures contracts;

      ii. Soliciting or accepting money, securities, or property from others for the purpose of trading commodity futures contracts or options on commodity futures contracts;

      iii. Soliciting or accepting funds from others for instruction, direction or guidance including providing classes on futures or options, trading strategies, or disseminating information for compensation relating to commodity futures and options trading; and

      iv. Filing a petition in bankruptcy without providing this Court and the Commission with notice by certified mail of such filing.

  3. Judgment for restitution is ENTERED in favor of Plaintiff Commission and against Defendant Baragosh in the amount of $5,264,251 (Five Million Two Hundred Sixty-Four Thousand Two Hundred Fifty-One Dollars), plus pre- and post-judgment interest.

  4. A civil monetary penalty is ASSESSED and judgment thereon is ENTERED in favor of Plaintiff Commission and against Defendant Baragosh in the amount of $1,211,058 (One Million Two Hundred Eleven Thousand Fifty-Eight Dollars), plus post-judgment interest.

  5. Pre-judgment interest on the restitution award shall be calculated from October 1, 1998 through the date of this Order. Pre-judgment interest shall be paid at the then

prevailing underpayment rate established quarterly by the Internal Revenue Service pursuant to 26 U.S.C. § 6621. Post-judgment interest shall be paid at the then prevailing Treasury Bill rate pursuant to 28 U.S.C. § 1961.

6. The judgment on the civil monetary penalty shall be payable only upon full satisfaction of the judgment for restitution.

7. The assets of Defendant Baragosh frozen pursuant to this Court's October 1, 1998 statutory restraining order, as clarified on October 5, 1998, and this Court's October 26, 1998 preliminary injunction shall be applied in partial satisfaction of the judgment for restitution provided by Paragraph 3 of this Order, and the possession of such funds shall be immediately transferred to the Receiver Ralph S. Tyler for distribution to customers of Noble Wealth and Currex.

8. Within fifteen (15) business days following the service of this Order, Defendant Baragosh shall, if he has not done so already:

a. Provide the Commission with a full accounting of all of his assets and liabilities of by completing, signing, and serving on the Commission and the Receiver the "Financial Disclosure Statement" (CFTC form 177) attached to this Court's October 1, 1998 statutory retraining order;

b. Provide the Commission with a full accounting of all funds, documents, and assets outside of the United States held by Defendant Baragosh or for his benefit, or under his direct or indirect control, whether jointly or singly; and

c. Provide the Commission with access to all records of Defendant Baragosh held by financial institutions located outside the territorial United States.

9. Except with leave of the Court, during the pendency of the Receiver's duties as established by this Order and prior orders of the Court, Defendant Baragosh and all other persons and entities acting directly or indirectly on his behalf are enjoined from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, Baragosh, the Receiver, Baragosh's assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following:

a. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statue of limitations;

b. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of Defendant Baragosh or any property claimed by him, or attempting to foreclose, forfeit, alter or terminate any of his interests in property, whether such acts are part of a judicial proceeding or otherwise;

c. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Defendant Baragosh, the Receiver, or any agent of the Receiver; and

d. Doing any act or thing to in any way interfere with the Receiver or the Commission or the duties of the Receiver or the Commission; or interfering with the exclusive jurisdiction of this Court.

5

This paragraph does not prohibit the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

10. The Receiver and all personnel hired by the Receiver as herein authorized, including counsel for the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may by received by the receivership defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

11. All banks, brokers, savings and loan institutions, escrow agents, title companies, trusts, broker-dealers, other financial institutions or any other persons or entities which are served with a copy of this Order, shall cooperate with all reasonable requests of the Commission and the Receiver relating to implementation of this Order, including transferring funds at the Commission or the Receiver's direction, allowing the Commission or the Receiver access to safe deposit boxes, and producing records related to Defendant Baragosh's accounts.

12. Copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant Baragosh that may be subject to any provision of this Order.

13. Within ten (10) days after entry of this Order by the Court, Defendant Baragosh shall serve on the Commission a signed acknowledgment that he has been served with this Order.

14. Beginning immediately and continuing until January 1, 2005, Defendant Baragosh shall notify the Commission of any change of his residential address or employment status within thirty (30) days of any change in his address or employment status.

15. Any notice or materials Defendant Baragosh is required by this Order to give to the Commission shall be given to Lawrence Norton, Associate Director for Enforcement, Commodity Futures Trading Commission, 1155 - 21st Street, N.W., Washington. D.C. 20581.

16. The injunction provisions of this Order shall be binding upon Defendant Baragosh, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee and/or attorney of Defendant Baragosh, and upon any person who receives actual notice of the Order by personal service or otherwise insofar as he or she is acting in active concern or participation with Defendant Baragosh.

17. If any provision of this Order, in whole or in part, is held invalid, the remaining provisions of the Order and the remaining portion of any provision held partially invalid shall not be affected by the holding.

18. This Court shall retain jurisdiction over this action and of any ancillary or supplemental actions hereto, in order to, among other things, implement and carry out the terms of all orders, judgments, and decrees that may be entered herein, including those that may be necessary to assure compliance with this order of permanent injunction and final judgment.

SO ORDERED, this 20 day of March, 2000.

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE