*DRAFT
July 7, 2003

\_\_\_\_\_FILED \_\_\_\_\_ENTERED
\_\_\_\_\_LODGED \_\_\_\_\_RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAY 1 4 2004

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                            DEPUTY

COMMODITY FUTURES TRADING
COMMISSION,
        Plaintiffs,

Case No. PJM 98-3316

NOBLE WEALTH DATA INFORMATION
SERVICES, INC. a/k/a NOBLE WEALTH,
INC., a/k/a NOBEL WEALTH, INC., et. al.

        Defendants

## SETTLEMENT ORDER

On October 1, 1998, Plaintiff Commodity Futures Trading Commission ("Plaintiff" or "Commission") filed a complaint naming as defendants Noble Wealth Data Information Services, Inc. ("Noble Wealth") and Esfand Baragosh ("Baragosh" or "Defendant") and seeking injunctive and other equitable relief, as well as the imposition of civil monetary penalties for violations of the Commodity Exchange Act, as amended ("Act"), 7. U.S.C. §§ 1 et seq. (1994), and the Commission Regulations promulgated thereunder ("Regulations"), 17 C.F.R. §§ 1 et seq. (1998). On March 20, 2000, this Court entered a ruling ("Opinion") finding that Noble Wealth and Baragosh had committed numerous violations of the Act. (Rec. Doc. 88, published at Commodity Futures Trading Commission v. Noble Wealth Data Information Services, Inc., 90 F. Supp.2d 676 (D. Md. 2000)). The Opinion was appealed to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") and was affirmed in part and reversed in part. Commodity Futures Trading Commission v. Baragosh, 278 F.3d 319 (4th Cir. 2002).

1

DRAFT
July 7, 2003

I.  **Consents and Agreements**

1   To effect settlement of the sole remaining issue in this matter without a trial on the merits or extensive judicial proceedings, Defendant consents to the entry of this Order.

2.   Defendant admits that this Court has jurisdiction over him and the subject matter of this action.

3.   Defendant admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. §13a-1 (1994).

4.   In addition, Defendant waives: (a) all claims which he may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (1994) and 28 U.S.C. § 2412 (1994), as amended by Pub. L. No. 104-121, §§ 231-32, 110 Stat. 862-63, and Part 148 of the Commission's Regulations, 17 C.F.R. §§ 148.1 *et seq.* (2002), to seek costs, fees and other expenses relating to, or arising from, (a) this action; (b) any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and (c) all rights of appeal from this Order.

5.   By consenting to the entry of this Order, Defendant neither admits nor denies any of the findings made in this Order or the allegations contained in the Complaint except as to jurisdiction and venue, which he admits. However, Defendant agrees that the allegations of the Complaint shall be taken as true and correct and be given preclusive effect without further proof only for the purpose of any subsequent bankruptcy proceeding filed by, on behalf of, or against Defendant for the purpose of determining whether the restitution obligation and/or other payments ordered herein are excepted from discharge.

6.   Defendant agrees that neither he nor any of his agents, servants, employees, contractors or attorneys shall take any action or make any public statement denying, directly or

2

DRAFT
July 7, 2003

indirectly, any allegation in the Complaint or findings or conclusions in the Order or creating, or tending to create, the impression that the Complaint or this Order is without a factual basis; provided, however, that nothing in this provision shall affect Defendant's (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the Commission is not a party. Defendant shall take all necessary steps to ensure that all of his agents, servants, employees, contractors and attorneys understand and comply with this agreement.

7.  Defendant agrees that he has read this Order and agrees to this Order voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order, other than as set forth specifically herein.

8.  Defendant consents to the continued jurisdiction of this Court in order to implement and carry out the terms of all orders and decrees that may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to assure compliance with the Order.

9.  The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of findings of fact, conclusions of law and a permanent injunction and ancillary equitable relief pursuant to § 6c of the Act, 7 U.S.C. § 13a-1 (1994), as set forth herein.

**II.   Order for Permanent Injunction**

IT IS THEREFORE ORDERED ADJUDGED AND DECREED THAT:

10. Defendant expressly consents to the terms and conditions of the Order of this Court entering judgment against him which was issued in connection with the Opinion on March 20, 2000

DRAFT
July 7, 2003

(Rec. Doc. 89), and published at <u>Commodity Futures Trading Commission v. Noble Wealth Data Information Services, Inc.</u>, 90 F. Supp.2d 676, 694 (D. Md. 2000) (the "March 20, 2000 Order").

11. Prejudgment interest on the restitution award under Paragraph 5 of the March 20, 2000 Order shall be calculated from October 1, 1998 through the date of this order.

12. Paragraph 7 of the March 20, 2000 Order is hereby amended to substitute "Monitor National Futures Association" for "Receiver Ralph S. Tyler."

13. Paragraph 15 of the March 20, 2000 Order is hereby amended to substitute the name "Gretchen Lowe" for that of "Lawrence Norton.'

14. For any obligation imposed on Defendant in which a terminal date is provided in the March 20, 2000 Order, the date of July 31, 2013 shall be substituted for the terminal date.

**III.  Order for Payment of Restitution**

IT IS FURTHER ORDERED THAT:

Defendant is ordered to pay restitution of customer funds in the amount of $5,264,251.00 ("Restitution Obligation"), Post-judgment interest shall accrue on the Restitution Obligation at the rate provided for by 28 U.S.C. § 1961, assessed pursuant to Part II, Section A, Paragraph 4e below of the payment plan.

2. The National Futures Association shall be designated as Monitor ("Monitor") for the period beginning with the date of entry of this Order and continuing until distribution of the last payment called for by this Order.

3. Upon the entry of this order, the provisions of the Court's October 1, 1998 statutory restraining order, as clarified on October 5, 1998, and this Court's October 26, 1998 preliminary injunction entered against Defendant continuing a freeze on his assets shall no longer be in effect. Within five days of being served with copies of this Order after entry by the Court, financial

4

DRAFT
July 7, 2003

institutions and other entities holding frozen funds or other property previously controlled by Defendant shall tender same to the Monitor. Such funds shall be distributed to the identifiable customers of Noble Wealth in accordance with the restitution plan outlined in Exhibit A.

    4.    Defendant shall pay the Restitution Obligation as follows:

        a.    The amount of the Restitution Obligation shall be reduced by the total amount of funds received by the Monitor from all financial institutions and other entities holding frozen funds pursuant to this Court's order october 1, 1998 statutory restraining order, as clarified on October 5, 1998, and this Court's October 26, 1998 preliminary injunction entered against Defendant continuing a freeze on his assets.

        b.    Defendant shall pay the remaining restitution amount, as follows:

            i.    Defendant shall make an annual payment to an account designated by the Monitor on or before July 31 of each calendar year (the "Annual Restitution Payment"), beginning in calendar year 2004 and continuing for ten years[1] (or until full restitution is made or otherwise discharged, whichever occurs first). At the end of the ten-year payment period, the Defendant's only remaining restitution obligation shall be pursuant to Part II, Section A, Paragraph 1 and Part II, Section B, Paragraph 5. The amount of the Defendant's Annual Restitution Payment shall consist of a portion of: (1) his adjusted gross income (as defined by the Internal Revenue Code) earned or received by the Defendant during the preceding calendar year, plus (2) all other net cash receipts, net cash entitlements or net proceeds of non-cash assets received by the Defendant during the preceding calendar year. The Annual Restitution Payment will be determined as follows:

| Total Adjusted Gross Income plus Net Cash Receipts: | Percent of Total to be Paid by the Defendant: |
|---|---|
| $0 – $25,000 | 0% |
| $25,000 – $50,000 | 20% of the amount above $25,000 |

---

[1] The Defendant's ten-year restitution period shall run from January 1, 2003 through December 31, 2012. Restitution payments for a calendar year shall take place by July 31 of the following year. Therefore, the final restitution payment for the year 2012 will occur on or before July 31, 2013.

*DRAFT
July 7, 2003

| | |
|---|---|
| $50,000 – $100,000 | 20% of the amount between $25,000 and $50,000 plus 30% of the amount between $50,000 and 100,000 |
| $100,000 and up | 20% of the amount between $25,000 and $50,000 plus 30% of the amount between $50,000 and $100,000 plus 40% of the amount above $100,000 |

    c.    Such funds shall be distributed as restitution payments to the identifiable customers in the amounts calculated by the Monitor unless, at its sole discretion, based upon the amount of funds available for distribution, the Monitor decides to defer distribution. If, at the end of the ten-year period, any part of the Annual Restitution Payments has not been distributed, the Monitor at its sole discretion shall either distribute the funds in the account as restitution or apply the funds as payment to the civil monetary penalty obligation, as provided in Part II, Section B, paragraphs 1-2, below.

    d.    The Defendant shall provide to the Monitor complete copies of his signed income tax returns filed with the Internal Revenue Service ("IRS"), all IRS 1099 forms, and all other schedules and attachments (e.g., IRS Form W-2), as well as any filings he is required to submit to any state tax or revenue authority, on or before June 30 of each calendar year, ending on June 30, 2012. If, during the same time period, Defendant elects to file a joint tax return, he shall provide all documents called for by this Part II, Paragraphs 5d(i)-(iii), including the signed and filed joint tax return, plus a draft individual tax return prepared on IRS Form 1040 containing a certification by a licensed certified public accountant that the "Income" section (currently lines 7-22 of Form 1040) truly, accurately and completely reflects all of his income, that the "Adjusted Gross Income" section (currently lines 23-33 of Form 1040) truly, accurately and completely identifies all deductions that Defendant has a right to claim, and that the deductions contained in the "Adjusted Gross Income" section are equal to or less than 50% of the deductions that he is entitled to claim on the joint tax return; provided, however, that he may claim 100% of the deductions contained in the "Adjusted Gross Income" section that are solely his. Such individual tax return shall include all schedules and attachments thereto (e.g., IRS Forms W-2) and Forms 1099, as well as any filings required to be submitted to any state tax or revenue authority.

    e.    Defendant shall also provide a sworn financial statement pursuant to 28 U.S.C. § 1746 to the Monitor twice a year for ten years, starting on June

30 and December 31 of each calendar year, starting June 30, 2004 and continuing through and including December 31, 2013. The financial statements shall provide:

    i. A true and complete itemization of all of the Defendant's actual or claimed rights, title and interest any asset wherever, however and by whomever held, provided that for assets which fall into categories not covered by the attached Financial Disclosure Statement defendant shall only be required to itemize assets with a value of $1,000.00 or more;

    ii. An itemization, description and explanation of all transfers of assets with a value of $1,000 or more made by or on behalf of the Defendant over the preceding six-month interval; and,

    iii. A detailed description of the source and amount of all of the Defendant's income or earnings, however generated.

f. Based on the information contained in the Defendant's tax returns and his sworn financial statements, the Monitor shall calculate the Annual Restitution Payment to be paid by the Defendant for that year and the specific amounts payable to each of the identifiable customers. If the Monitor determines that an Annual Restitution Payment is due, then the Monitor will increase the amount of the remaining restitution payments by post-judgment interest calculated to the date of payment based on the total remaining obligation pursuant to 28 U.S.C. § 1961. On or before July 31 of each year, the Monitor shall send written notice to the Defendant with instructions to immediately pay the Annual Restitution Payment to the Monitor.

g. Exhibit A, attached hereto, includes the names and last known addresses of the identifiable customers to whom restitution shall be made pursuant to this Part II, Section A, Paragraphs 1-4.

**B.    Defendant to Pay a Civil Monetary Penalty**

The Defendant shall pay a contingent civil monetary penalty in an amount up to $1,211,058.00 commencing upon their fulfillment or discharge of their Restitution Obligation as set forth in Part II, Section A, Paragraphs 1-4 above, plus post-judgment interest in the amount of $287,295.94.

2. The Defendant shall pay the contingent civil monetary penalty in annual installment payments ("Annual CMP Payment") following their satisfaction or other discharge of their Restitution Obligation, and continuing until July 31, 2013 (or until the full civil monetary

7

penalty is paid in full, if that happens first). Should the amount due under the payment plan for any Annual Restitution Payment be greater than the balance due on the Defendant's restitution obligation, that amount shall constitute the Defendant's first Annual CMP Payment and be paid in accordance with the payment schedule set forth in Part II, Section A, Paragraph 4 above. The Annual CMP Payment shall be calculated by the Monitor in accordance with the payment schedule set forth in Part II, Section A, Paragraph 4 above. After satisfaction of the Restitution Obligation, should funds remain that same year pursuant to the restitution payment schedule, such funds shall immediately be paid as part of the civil monetary penalty payment. Defendant shall make each such Annual CMP Payment by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, made payable to the Commodity Futures Trading Commission, and sent to Dennese Posey, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W Washington, D.C. 20581, under cover of a letter that identifies the Defendant and the name and docket number of the proceeding; the Defendant shall simultaneously transmit a copy of the cover letter and the form of payment to the Monitor, and to Gregory Mocek, Director, Division of Enforcement, Commodity Futures Trading Commission, at the following address: 1155 21st Street, NW, Washington, D.C. 20581. The Defendant's contingent civil monetary penalty obligation will terminate at the end of the ten-year payment period.

    3.     The Defendant shall cooperate fully with the Monitor and the Commission in explaining his financial income and earnings, status of assets, financial statements, asset transfers and tax returns, and shall provide such additional information and documents with respect thereto as may be requested by the Monitor or the Commission. The Defendant shall also cooperate fully and

DRAFT
July 7, 2003

expeditiously with the Monitor and the Commission in carrying out all other aspects of his obligations described in this Order.

4. The Defendant shall not transfer or cause others to transfer funds or other property to the custody, possession, or control of any family member or any other person for the purpose of concealing such funds or property from the Court, the Monitor or the Commission.

5. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each identifiable customer is explicitly deemed an intended third-party beneficiary of this Order.

6. Any failure by the Defendant to carry out any of the terms, conditions or obligations under any paragraph of this Order shall constitute an Event of Default. If any Event of Default occurs, the Commission (or its designee) shall be entitled to:

   a. an order requiring immediate payment of any unpaid Annual Restitution Payments and/or CMP Payments, or, at the Commission's option, the entire unpaid balance, or any unpaid portion, of the restitution amount and/or civil monetary penalty set forth above in Part II, Section A, Paragraph 1 and Part II, Section B, Paragraph 1 above; and/or

   b. move the Court for imposition of all other available remedies, including, but not limited to, an order holding the Defendant in contempt for violation of this Order.

7. Upon the occurrence of an Event of Default based upon a claim or cause of action that the Defendant failed to make any Annual Restitution Payments and/or Annual CMP Payments when due, the Defendant will be barred from asserting any defense, including expiration of any statute of limitations, waiver, estoppel or laches, where such defense is based on the alleged failure of the Commission to pursue such claims or causes of action during the pendency of this civil action, during the negotiation of the Defendant's consent to this Order or while this Order remains in effect. The only issue that the Defendant may raise in defense is whether he has made the Annual Restitution Payments and/or Annual CMP Payments as directed

DRAFT
July 7, 2003

by the Monitor. Any motion by the Commission for entry of an order pursuant to this paragraph requiring payment of less than the full amount of the restitution and/or civil monetary penalty, set forth in Part II, Section A, Paragraph 1 and Part II, Section B, Paragraph 1 above, or any acceptance by the Commission of partial payment of the Annual Restitution Payments and/or Annual CMP Payments made by the Defendant, shall not be deemed a waiver of the Commission's right to require the Defendant to make further payments pursuant to the payment plan set forth above, or, in the event of a further Event of Default, a waiver of the Commission's right to require immediate payment of the entire remaining balance, or any unpaid portion, of the restitution amount and/or civil monetary penalty set forth in Part II, Section A, Paragraph 1 and Part II, Section B, Paragraph 1 above.

  8. Based upon the sworn representations in his Financial Disclosure Statement and other evidence provided by the Defendant to the Commission regarding his financial condition, attached hereto as Exhibit B, the Commission has agreed that this Order would not require the immediate payment of the entire Restitution Obligation and civil monetary penalty. The Commission's determination not to require immediate payment of the entire Restitution Obligation and civil monetary penalty is contingent upon the accuracy and completeness of the Defendant's Financial Disclosure Statement and other evidence provided by the Defendant regarding his financial condition. If at any time following the entry of this Order, the Commission obtains information indicating that the representations to the Commission concerning Defendant's financial condition were fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, the Commission may move this Court for an order requiring the Defendant to make immediate payment of the entire restitution obligation and/or civil monetary penalty, or of any portion thereof, the amount of which shall be determined by the Commission. In

connection with any such motion, the only issues shall be whether the financial information provided by the Defendant was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made. In its motion, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering the Defendant to pay funds or transfer assets or directing the forfeiture of any assets, and the Commission may also request additional discovery. The Defendant may not, by way of defense to such motion, challenge the validity of his consent or this Order, or contest any of the findings of fact or conclusions of law set forth or incorporated in this Order, assert that payment of restitution and/or a civil monetary penalty should not be ordered, or contest the amount of the restitution or civil monetary penalty to be paid. If in such motion, the Commission moves for, and the Court orders, payment of less than the full amount of the restitution obligation or the full amount of civil monetary penalty, such motion will not be deemed a waiver of the Commission's right to require Defendant to make further payment pursuant to the payment plan set forth above.

### III.  Miscellaneous

1. If any provision of this Order or the application of any provision or circumstance is held invalid, the remainder of this Order, and the application of the provision to any other person or circumstance, shall not be affected by the holding.

2. Upon being served with copies of this Consent Order after entry by the Court, the Defendant shall sign an acknowledgment of such service and serve such acknowledgment on the Commission within seven (7) calendar days.

3. This Court shall retain jurisdiction of this action in order to implement and carry out the terms of all orders and decrees, including orders setting the appropriate amounts of restitution and civil monetary penalty, that may be entered herein, to entertain any suitable

DRAFT
July 7, 2003

application or motion for additional relief within the jurisdiction of this Court, and to assure compliance with this Order.

4. All notice required to be given by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

Notice to the Commission:

Gretchen L. Lowe, Esq.
Karen Kenmotsu, Esq.
Joseph A. Konizeski, Esq.
Division of Enforcement
Three Lafayette Centre
1155 21st St. N.W.
Washington, D.C. 20581

Notice to the Defendant:

Esfand Baragosh
Mr. Esfand Baragosh
3128 Pacific Coast Highway, #30
Torrance, CA 90505

5. In the event that Defendant changes his residential or business telephone number(s) and/or address(es) at any time, he shall provide written notice of the new number(s) and/or address(es) to the Monitor and to the Commission within ten calendar days thereof.

SO ORDERED, this __14__ day of __May__, 2003, at Greenbelt, Maryland.

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

Consented to and
approved for entry by:

Defendant:

_____

12